

# SUPREME COURT OF MISSOURI
## en banc

IN RE THE MARRIAGE OF: M.S.,   )
       )
      Appellant,   )
       )
vs.         )     No. SC94101
       )
D.S.,        )
       )
      Respondent.   )

## APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable John N. Borbonus III, Judge

### *Opinion issued February 10, 2015*

This is an appeal from a judgment dismissing a petition to dissolve a same-sex marriage between M.S. and D.S.  The circuit court dismissed the action *sua sponte*, with prejudice, on grounds that it lacked subject matter jurisdiction and constitutional and statutory authority to dissolve the marriage due to the state constitutional and statutory bans on same-sex marriage.  *See* MO. CONST. art. I, sec. 33; section 451.022, RSMo Supp. 2001.  This Court holds that that the circuit court had subject matter jurisdiction over the case.  For that reason only, the judgment is reversed, and the case is remanded.

The circuit court dismissed the petition for lack of subject matter jurisdiction before D.S. was served or given an opportunity to answer the petition.  While Rule 55.27(g)(3) requires a circuit court to dismiss an action "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction

of the subject matter," Missouri procedural rules do not authorize a judgment on the merits prior to service and an opportunity to answer the petition. (Emphasis added). Therefore, the court's *sua sponte* judgment of dismissal for lack of subject matter jurisdiction did not resolve any of the underlying issues raised in the petition, including the court's constitutional or statutory authority to dissolve a same-sex marriage.

The sole issue before this Court is whether the circuit court had subject matter jurisdiction. The jurisdiction of Missouri circuit courts is defined by article V, section 14 of the Missouri Constitution:

> The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and places within the circuit as determined by the circuit court.

The plain language of article V, section 14 provides that Missouri circuit courts have jurisdiction over all civil cases and matters. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). Nothing in article I, section 33 purports to limit this broad grant of jurisdiction.[1]

In this case, M.S. filed a petition for dissolution of marriage. A petition for dissolution of marriage is a civil case or matter falling within the jurisdiction of the circuit court. Assuming for the sake of argument only that the circuit court lacked constitutional or statutory authority to grant the requested relief, the court

---

[1] Because article I, section 33 does not limit circuit courts' subject matter jurisdiction, the Court does not reach or decide M.S.'s argument that this provision is unconstitutional under the equal protection clause of the Fourteenth Amendment to the United States Constitution.

would still have subject matter jurisdiction to dispose of the petition by denying the requested relief. While the circuit court had subject matter jurisdiction over this civil case, this Court expresses no opinion as to the merits of any aspect of this case, including the constitutional or statutory authority of the circuit court to dissolve a same-sex marriage. The judgment is reversed, and the case is remanded.

_____
RICHARD B. TEITELMAN, JUDGE

All concur.

3